FILED
2020 SEP 28 PM 1:33
CLERK
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **DAIRA B.,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**ANDREW M. SAUL,**<br>**Commissioner of Social Security,**<br><br>    **Defendant.** | **MEMORANDUM DECISION**<br>**AND ORDER**<br><br><br>**Case No. 2:20-cv-00040-JCB**<br><br><br>**Magistrate Judge Jared C. Bennett** |

All parties in this case have consented to Magistrate Judge Jared C. Bennett conducting all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1] 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.  Before the court is Daira B.'s ("Plaintiff") appeal of the Commissioner's final decision determining that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, id. §§ 1381-1383f.  After careful consideration of the written briefs and the complete record, the court has determined that oral argument is not necessary in this case.  Based upon the analysis set forth below, the Commissioner's decision is affirmed.

---

[1] ECF No. 13.

## PROCEDURAL BACKGROUND

Plaintiff alleges disability due to various physical and mental impairments.  In January 2016, Plaintiff applied for DIB and SSI.[2]  Plaintiff's applications were denied initially and upon reconsideration.[3]  After Plaintiff appeared before an Administrative Law Judge ("ALJ") for administrative hearings, the ALJ issued a written decision on February 13, 2019, denying Plaintiff's claims for DIB and SSI.[4]  November 20, 2019, the Appeals Council denied Plaintiff's request for review,[5] making the ALJ's decision final for purposes of judicial review.  42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481.  On January 23, 2020, Plaintiff filed her complaint in this case seeking review of the Commissioner's final decision.[6]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted).  The Commissioner's findings, "if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  It requires more than a scintilla, but less than a preponderance."  *Lax*, 489 F.3d at 1084 (quotations and citation omitted).

---

[2] ECF No. 17, Administrative Record ("AR ___") 315-16, 319-25.

[3] AR 143, 184-85.

[4] AR 17-45.

[5] AR 1-6.

[6] ECF No. 3.

"In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted).  "The [f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted) (first alteration in original).

The aforementioned standards of review apply to the ALJ's five-step evaluation process for determining whether a claimant is disabled.  20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process).  If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity.  If [the claimant] is, disability benefits are denied.  If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that [her] impairments would have more than a minimal effect on [her] ability to do basic work activities, [she] is not eligible for disability benefits.  If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.
>
> . . . .
>
> Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . .  If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits.  If not, the evaluation proceeds to the fourth step . . . .

3

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see also* 20 C.F.R.

§§ 404.1520(a)(4)(i)-(iii); 416.920(a)(4)(i)-(iii).

At the fourth step, the claimant must show, given her residual functional capacity

("RFC"), that the impairment prevents performance of her "past relevant work." 20 C.F.R.

§§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). "If the claimant is able to perform [her] previous work,

[she] is not disabled." *Williams*, 844 F.2d at 751. If, however, the claimant is not able to

perform her previous work, she "has met [her] burden of proof, establishing a prima facie case of

disability." *Id.*

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id.* At

this step, the burden of proof shifts to the Commissioner, and the decision maker must determine

"whether the claimant has the [RFC] to perform other work in the national economy in view of

[her] age, education, and work experience." *Id.* (quotations and citation omitted); *see also* 20

C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If it is determined that the claimant "can make an

adjustment to other work," she is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v),

416.920(a)(4)(v). If, on the other hand, it is determined that the claimant "cannot make an

adjustment to other work," she is disabled and entitled to benefits. 20 C.F.R.

§§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ANALYSIS

In support of her claim that the Commissioner's decision should be reversed, Plaintiff

argues that the ALJ committed several errors in his treatment of the medical opinions of Ralph

W. Gant, Ph.D. ("Dr. Gant").[7]  Based upon the following analysis, the court concludes that

Plaintiff's argument fails.

## I.        The ALJ Did Not Err in His Treatment of Dr. Gant's Opinions.

Plaintiff asserts that the ALJ erred in his treatment of Dr. Gant's opinions by:

(A) concluding that several of Dr. Gant's opinions were not medical opinions but, instead, were

administrative findings; and (B) failing to assess Dr. Gant's opinions under the requirements for

considering a treating physician's opinions.[8]  The court addresses each of those arguments below.

For the following reasons, the court concludes that Plaintiff's arguments are without merit.

---

[7] Plaintiff also argues that the ALJ erred in his treatment of the medical opinions of Kavita Willeson, M.D. ("Dr. Willeson") and Jerry B. Romero, LCSW ("Mr. Romero").  Although Plaintiff makes passing references to Dr. Willeson's opinions in both her opening brief and her reply brief, she does not make any developed argument about the ALJ's treatment of those opinions.  Therefore, the court declines to address that issue.  *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) ("[Plaintiff] presents a number of subissues and arguments, many of them poorly developed.  [The court] will consider and discuss only those of her contentions that have been adequately briefed for . . . review."); *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004) ("The scope of . . . review . . . is limited to the issues the claimant . . . adequately presents on appeal[.]" (final alteration in original) (quotations and citation omitted)).  As for Mr. Romero's opinions, Plaintiff references them for the first time in her reply brief.  As such, she has waived any argument concerning the ALJ's treatment of those opinions.  *Madron v. Astrue*, 311 Fed. App'x 170, 174 n.4 (10th Cir. 2009) (noting that a party's failure to raise an issue in an opening brief results in waiver of that issue); *Argyle v. Astrue*, No. 2:10-CV-947-DBP, 2012 WL 4378118, at *7 (D. Utah Sept. 25, 2012).

[8] Plaintiff also argues that the ALJ erred by failing to recontact Dr. Gant concerning his opinions.  Plaintiff's three-sentence argument on this point is not developed in any meaningful way.  Accordingly, the court declines to address it.  *Keyes-Zachary*, 695 F.3d at 1161; *Chambers*, 389 F.3d at 1142.

**A.     The ALJ Did Not Err in Concluding That Several of Dr. Gant's Opinions Were Administrative Findings Reserved to the Commissioner.**

In his decision, the ALJ determined that Dr. Gant's statements that Plaintiff was unable to work were administrative findings on the issue of whether Plaintiff was disabled, which is an issue reserved to the Commissioner.[9]  Plaintiff contends that the ALJ erred in making those determinations.  The court disagrees.

Under the relevant regulations applicable in this case, medical source opinions on some issues "are not medical opinions . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct a determination or decision of disability." 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1).  Those regulations further provide that "[a] statement by a medical source that [the claimant is] 'disabled' or 'unable to work' does not mean that [the Commissioner] will determine that [the claimant is] disabled." 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1).

In this case, the ALJ concluded that Dr. Gant's statements indicating that Plaintiff was unable to work[10] were not "medical issue[s] regarding the nature and severity of an individual's impairment or impairments, but [were] administrative finding[s] that [were] dispositive of the case."[11]  After reviewing the relevant portions of Dr. Gant's opinions, the court concludes that the ALJ did not err in reaching that conclusion.  Indeed, all the relevant opinions referenced by the ALJ do not include any opinions about the nature and severity of Plaintiff's limitations or any

---

[9] AR 33.

[10] AR 586-87, 590, 656, 665, 679.

[11] AR 33.

opinions about Plaintiff's ability to perform work activities. *Cowan v. Astrue*, 552 F.3d 1182, 1189 (10th Cir. 2008) (concluding that a treating physician's statement that the claimant may never return to work was "not a true medical opinion" and was an opinion on an issue reserved to the Commissioner because "[i]t did not contain [the physician]'s judgment about the nature and severity of [the claimant]'s physical limitations, or any information about what activities [the claimant] could still perform").[12] Accordingly, Plaintiff's argument fails.

      **B.**     **The ALJ Did Not Err in His Assessment of Dr. Gant's Opinions Under the Requirements for Considering a Treating Physician's Opinions.**

      Plaintiff contends that the ALJ erred by failing to follow the requirements for considering a treating source opinion when assessing Dr. Gant's opinions. That argument is without merit.

      An ALJ must adhere to certain requirements when considering treating source medical opinions. *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004); *see also* 20 C.F.R. §§ 404.1527(c), 416.927(c). Among those requirements is that the ALJ first must follow a process to determine if a treating source medical opinion is entitled to controlling weight. *Langley*, 373 F.3d at 1119; *see also* 20 C.F.R. §§ 404.1527(c), 416.927(c). If the opinion is not entitled to controlling weight under that process, the opinion is still entitled to deference and must be weighed using the factors set forth in 20 C.F.R. § 404.1527(c) and § 416.927(c). *Langley*, 373 F.3d at 1119.

---

[12] Plaintiff relies upon *Krauser v. Astrue*, 638 F.3d 1324 (10th Cir. 2011), to support her argument on this point. That reliance is misplaced. In *Krauser*, the court criticized the ALJ for concluding that a certain medical source provided opinions on issues reserved to the Commissioner. *Id.* at 1331-32. However, the court specifically noted that the medical source there provided "specific work-related functional limitations." *Id.* at 1332. Here, Dr. Gant provided no such limitations.

Plaintiff appears to argue that the ALJ's failure to state specifically state that Dr. Gant's opinions were not entitled controlling weight means that the ALJ erred in his treatment of Dr. Gant's opinions. The Tenth Circuit has rejected that argument. In assigning "little weight" to Dr. Gant's relevant opinions,[13] the ALJ implicitly determined that those opinions were not entitled to controlling weight. *Mays v. Colvin*, 739 F.3d 569, 575 (10th Cir. 2014) ("[T]he ALJ implicitly declined to give the opinion controlling weight. Because we can tell from the decision that the ALJ declined to give controlling weight to [the treating source] opinion, we will not reverse on this ground."). Therefore, Plaintiff's argument fails.[14]

## CONCLUSION AND RECOMMENDATION

The court concludes that all of Plaintiff's arguments fail. Accordingly, IT IS HEREBY ORDERED that the Commissioner's decision in this case is AFFIRMED.

---

[13] AR 33.

[14] Plaintiff's remaining arguments concerning the ALJ's treatment of Dr. Gant's opinions are nothing more than an attempt to reargue the weight of the evidence before the ALJ. The same is true of her arguments concerning the ALJ's treatment of the opinions of Richard J. Ingebretsen, M.D., Ph.D. ("Dr. Ingebretsen"). Rearguing the weight of the evidence is an unavailing tactic on appeal. It is not this court's role to reweigh the evidence before the ALJ. *Madrid*, 447 F.3d at 790. From an evidentiary standpoint, the only issue relevant to the court is whether substantial evidence exists in the record to support the ALJ's conclusions. *Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007) (providing that the court reviewing the ALJ's decision reviews "only the sufficiency of the evidence, not its weight" (emphasis omitted)); *see also Lax*, 489 F.3d at 1084 ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. We may not displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." (quotations and citations omitted) (alteration in original)). Accordingly, the court concludes that Plaintiff's remaining arguments regarding Dr. Gant's opinions and her arguments concerning Dr. Ingebretsen's opinions are without merit.

IT IS SO ORDERED.

DATED September 28, 2020.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge